ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 28 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEVEN DEWEY KENNY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. |
| ) | 1:11-CV-4113 |
| NCO FINANCIAL SYSTEMS, INC.[1] ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts

---

[1] This action is one of several brought against NCO Financial by Steven Dewey Kenny regarding different accounts. This action pertains to account ending 0036. Prior to filing, Plaintiff requested that Defendant stipulate that Plaintiff would be entitled to three (3) separate recoveries under 15 U.S.C. § 1692k(a)(2)(A) for each such account for the purpose of consolidating the three separate accounts into one Complaint, and Defendant was unwilling to so stipulate.

business in this district.

## PARTIES

4. Plaintiff, Steven Dewey Kenny ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Newton, and City of Social Circle.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed

or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant sent Plaintiff a letter dated March 23, 2011 in connection with collection of alleged debt for medical services, identified as account number 19590036.

12. Defendant's letter was an attempt to collect $31,413.19 for medical services allegedly provided on July 14, 2010 to "Steve Kenny."

13. Defendant's letter further alleged that Plaintiff owed the amounts of (a) $5,674.50 to Lawnwood Regional Medical Center; (b) $19,979.27 to St. Lucie Medical Center; and (c) $5,759.42 to "other creditors."

14. On or about March 23, 2011, Plaintiff placed a call to Defendant and at such time, Plaintiff informed Defendant that he was not the "Steve Kenny" who owed the alleged debts.

15. Upon information and good-faith belief, the "Steve Kenny" who obtained said medical services was a Steven D. Kenny, Sr. of Englewood, FL.

16. Plaintiff Steven Dewey Kenny has been a resident of the state of

Georgia for approximately thirty-two years, and is of no relation to Steven D. Kenney, Sr., did not receive any medical services in the state of Florida, and as such, is not responsible for the alleged debt.

17. Upon information and good-faith belief, in and about April 2011, Defendant reported that Plaintiff owed the alleged debt to Plaintiff's credit after having been notified by Plaintiff that Plaintiff was not liable for the alleged debt.

18. Plaintiff retained prior counsel Daniel C. Thomas, P.C. for the purpose of further disputing the alleged debt, and in furtherance thereof, said counsel caused to be sent to Defendant written communication dated April 28, 2011 disputing said debt in its entirety.

19. Upon information and good-faith belief, Defendant received said communication prior to May 3, 2011.

20. On May 3, 2011 at 1:07 P.M. EST, Defendant, via its agent and/or employee "Toneshia Jackson," placed a telephone call to Plaintiff for the express purpose of attempting to collect the alleged debt.

21. At no time relevant to the instant matter did Defendant notify Plaintiff that it had demanded any amount from Plaintiff in error, or communicate to Plaintiff that he was not liable for the alleged debt.

22. As a direct and proximate result of Defendant's conduct as described

above, *supra*, Plaintiff has suffered actual damages in an amount to be proven by competent evidence at the time of trial, to wit: on or about June 9, 2011, American Express contacted and notified Plaintiff that his credit limit had been decreased due to negative information reported to Experian by Defendant.

23. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff has suffered, and continues to suffer, injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and legal status of a debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in

this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which Defendant knew, or should have known to be false, including the failure to communicate that a disputed debt is disputed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

This 18th day of November, 2011.

                                          ATTORNEYS FOR PLAINTIFF
                                          STEVEN DEWEY KENNY

                                          Respectfully submitted,

                                          _____
                                          Craig J. Ehrlich
                                          Georgia Bar No. 242240
                                          WEISBERG & MEYERS, LLC
                                          5025 N. Central Ave. #602
                                          Phoenix, AZ 85012
                                          (888) 595-9111 ext. 250
                                          (866) 842-3303 (fax)
                                          cehrlich@attorneysforconsumers.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule

5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC